

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

IN RE:                                                    IN PROCEEDINGS UNDER CHAPTER 7

S. LYNELLE MAINES,                     CASE NO.: 06-11898

Debtor.                                   JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

The matter before the Court is the Trustee's Amended Notice of Intent to Sell Real Property and to Pay Real Estate Broker's Commission. The Debtor objected to the Notice of Intent. The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(b)(N), 28 U.S.C. § 1334, and General Order Number 84 of this District. At the duly-notice hearing on the matter, the Court issued a bench ruling sustaining the Debtor's objection and instructing the Trustee to sell the property to the Debtor for $30,000.00. The following written order is issued consistent with this Court's bench ruling:

The Trustee seeks to sell the Debtor's half-interest in her personal residence to Shore Realty, a creditor in Debtor's bankruptcy case. The other half-interest of the property belongs to the Debtor's quadriplegic daughter. The home was built to accommodate the daughter's special needs. The Debtor had offered to purchase her one-half interest for $30,000.00. The Trustee had accepted this offer, the Debtor had tendered the funds and the Trustee had filed a Notice of Intent to Sell. Shore Realty objected and offered $40,000.00 to purchase the Debtor's one-half interest. The Trustee accepted that amount from Shore, withdrew the Notice of Intent to Sell to the Debtor and filed the instant Amended Notice of Intent to Sell to Shore Realty. The Debtor objects. The

dispositive issue for the Court is whether the Trustee should be directed to sell the Debtor's half-interest to Shore Realty or to the Debtor.

Prepetition, the Debtor entered into a commercial lease with Shore Realty. The Debtor scheduled a debt owed to Shore Realty in the amount of $67,000.00 and Shore Realty filed a general unsecured claim in the amount of $65,857.11. Shore Realty also filed Adv. Proc. No. 06-1939 against the Debtor, alleging that the debt owed to it was nondischargeable. Specifically, Shore alleges that the Debtor's financial statements contained misrepresentations and Shore Realty relied on those misrepresentations when entering into the commercial lease with the Debtor.

In her objection to the Trustee's Notice of Intent to Sell, the Debtor alleges that Shore Realty is only seeking to purchase her interest in her personal residence in an attempt to force her to settle the dischargeability action. In support of this allegation, the Debtor attached an email exchange between the Debtor's counsel and counsel for Shore Realty. Counsel for Shore specifically states that Shore would not submit an upset bid for $40,000.00 so long as the Debtor agreed to the following: 1) an entry of $25,000.00 in the dischargeability proceeding 2) payments at $100 per month and 3) a judgment lien on the home, not to be executed so long as the Debtor remains current on her monthly payments. This judgment would be in addition to any distribution made by the Trustee. The Debtor refused to consent to those terms and instead objected to the Trustee's Notice of Intent to Sell to Shore.

In her Memorandum Regarding Amended Notice of Intent to Sell Real Property, the Trustee states only that she believed the increased offer of Shore Realty was substantial enough to warrant rejection of the Debtor's offer. In its Memorandum in Support of Trustee's Amended Notice of Intent to Sell Real Estate, Shore Realty denies any wrongdoing in its settlement negotiations with

the Debtor and alleges that the Debtor has substantial equity in the property.

Given the special circumstances in this case, the Court hereby orders the Trustee to sell the Debtor's half-interest in her personal residence to her for $30,000.00, the amount originally tendered by her to the Trustee. The home was specifically designed for the Debtor's quadriplegic daughter. The Bankruptcy Code contemplates the Court's consideration of the effect a sale of property will have on a co-owner. *See e.g.* 11 U.S.C. § 363(h)(3). Although this is not a case where the Trustee seeks to sell the co-debtor's interest, the effect of approving the Notice of Intent to Sell to Shore would be that Shore would become co-owners with the Debtor's quadriplegic daughter. Such a result would differ only slightly in impact on the Debtor's daughter than if the Trustee sought to sell the daughter's interest outright. The Debtor raises the practical questions that flow from an approval of the Trustee's Notice of Intent to Sell to Shore: 1) whether Shore would be responsible for payment of half of the mortgage; 2) whether Shore would be responsible for payment of one-half of the taxes and any necessary repairs; 3) whether Shore would have physical access to the premises where the Debtor's quadriplegic daughter lives; and 4) whether Shore could file a partition action and force the sale of the property, a particularly devastating result for the Debtor's daughter.

After considering the Debtor's exemption in the property, Shore Realty's bid will only result in an additional $5,000.00 to the estate. Shore Realty's counter-offer to purchase the Debtor's interest in the home is, at its best, an attempt to force the Debtor to reaffirm her debt. At worst, Shore's proposed actions are, as the Debtor alleges, a potential violation of 18 U.S.C. § 152, which makes it a crime to "attempt to obtain any money or property . . . for acting or forbearing to act in any case under Title 11."

3

06-11898-rb    Doc 51    FILED 04/10/07    ENTERED 04/10/07 15:15:20    Page 3 of 5

It is sufficient for disposition of the matter before the Court that Shore's attempt to force the Debtor to settle its pending dischargeability action violates 11 U.S.C. § 524, which states in pertinent part that:

> (f) Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt.

Section 524 specifically requires reaffirmation to be a voluntary act by the Debtor. Herein, Shore's upset bid is an attempt to force the Debtor to reaffirm her debt and such reaffirmation would not be voluntary. *See In re Caravona*, 347 B.R. 259, 268 (Bankr.N.D. Ohio 2006)("a payment is voluntary if it is not the result of pressure or other inducement by sophisticated creditors . . . [R]epayment due to harassment or duress by a creditor is clearly prohibited.")(internal quotations omitted). Herein, counsel for Shore specifically stated that Shore would not submit an upset bid so long as the Debtor agreed to the following: 1) an entry of $25,000.00 in the dischargeability proceeding 2) payments at $100 per month and 3) a judgment lien on the home, not to be executed so long as the Debtor remains current on her monthly payments. Had the Debtor accepted these settlement terms, she would have done so under duress and only because of the impact the sale of her personal residence to Shore would have on her disabled daughter. Such a reaffirmation would not be voluntary.

Accordingly, the Debtor's objection is sustained and the Trustee's Amended Notice of Intent to Sell Real Property is denied. The Trustee is hereby ordered to sell the Debtor's one-half interest in the property to the Debtor for $30,000, as stated in the Trustee's original Notice of Intent to Sell. Shore's objection thereto is overruled. Shore is not prejudiced by this result. To the extent that it is

4

entitled to repayment of the debt, that matter will be determined in the separate dischargeability proceeding already pending before the Court.

**IT IS SO ORDERED.**

Dated this 10TH day of
April, 2007

RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

5